```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF PUERTO RICO
```

CITIBANK, N.A.,

    **Plaintiff**

       v.

R2 ADVERTISING, INC., *et al*,

    **Defendants.**

**CIVIL. NO.** 11-1599 (JAG)

## OPINION AND ORDER

GARCIA-GREGORY, D.J.

Pending before the Court are two motions to dismiss filed by defendants R2 Advertising, Inc. ("R2 Advertising"), R2 Hispanic, Inc. ("R2 Hispanic"), Ricardo Rengel, Yma A. Nieves-Molina and their conjugal partnership (collectively "defendants"). (Docket Nos. 39, 42). Defendants contend that the complaint should be dismissed because it is time barred, and alternatively because diversity jurisdiction is lacking. Plaintiff Citibank N.A. timely filed its opposition. (Docket No. 43). For the reasons stated below, defendant's motions are hereby DENIED.

**STANDARD OF LAW**

Pursuant to Fed.R.Civ.P. 12(b)(1), a defendant may move to dismiss an action for lack of subject matter jurisdiction. Since federal courts have limited jurisdiction, the party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction. See Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995); Droz Serrano v. Caribbean Records Inc., 270 F.Supp.2d 217 (D.P.R. 2003). When deciding whether to dismiss a complaint for lack of subject matter jurisdiction, the Court "may consider whatever evidence has been submitted, such as the depositions and exhibits submitted in this case." See Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996). Motions brought under Rule 12(b)(1) are subject to the same standard of review as Rule 12(b)(6) motions. Torres Maysonet v. Drillex, S.E., 229 F.Supp.2d 105, 107 (D.P.R. 2002).

Under Rule 12(b)(6), a defendant may move to dismiss an action for failure to state a claim upon which relief can be granted. To overcome a Rule 12(b)(6) motion, the complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009). In Ocasio-Hernández v. Fortuño Burset, 640 F.3d 1 (1st Cir. 2011), the First Circuit distilled from Twombly and Iqbal a

two-pronged test designed to measure the sufficiency of a complaint. First, the reviewing court must identify and disregard "statements in the complaint that merely offer legal conclusions couched as fact, or threadbare recitals of the elements of a cause of action." Ocasio-Hernández, 640 F.3d at 12 (internal punctuation omitted). In this analysis, the remaining non-conclusory factual allegations must be taken as true, even if they are "seemingly incredible," or that "actual proof of those facts is improbable." Id. Finally, the court assesses whether the facts taken as a whole "state a plausible, not merely a conceivable, case for relief." Id. In conducting this test, a court must not attempt to forecast the likelihood of success even if recovery is remote and unlikely. Ocasio-Hernández, 640 F.3d at 12.

## DISCUSSION

On March 20, 2007, Citibank, R2 Advertising, and R2 Hispanic entered into an agreement (the "note") through which defendants were able to refinance a pre-existing debt with plaintiff. The parties also entered into a security agreement to secure the obligation under the note. Citibank contends that R2 Advertising and R2 Hispanic have defaulted on their obligations under the note by failing to pay the amounts due and owed to Citibank. Accordingly, Citibank filed this action for breach of contract and collection of monies, pursuant to the terms and

conditions of the note. Citibank also seeks to foreclose the collateral pledged under the security agreement executed by the borrowers.

Statute of Limitations

In their first Motion to Dismiss, defendants argue that the complaint should be dismissed as time barred. Defendants contend that the promissory note qualifies as a mercantile contract, and as such, is subject to an already expired three-year statute of limitations under Puerto Rico law. Plaintiff counters that this argument should be stricken because it is an affirmative defense which was not included in defendants' answer to the complaint. In the alternative, plaintiff argues that a fact intensive inquiry is essential to determine whether defendants have raised a valid defense. The Court will first address plaintiff's waiver argument.

Fed. R. Civ. P. 8(c) states that affirmative defenses must be asserted in a party's response to a preceding pleading. Failure to do so may result in waiver of the omitted affirmative defense. See Day v. McDonough, 547 U.S. 198, 202 (2006). The First Circuit has taken a particularly dim view of attempts to raise affirmative defenses during and after trial. See e.g. Jewelers Mut. Ins. Co. v. N. Barquet, Inc., 410 F.3d 2 (1st Cir. 2005); Davignon v. Clemmey, 322 F.3d 1 (1st Cir. 2003); Knapp

Shoes, Inc. v. Sylvania Shoe Mfg. Corp., 15 F.3d 1222 (1st Cir. 1994).

Waiver, however, is not automatic. The First Circuit has excused noncompliance with Rule 8(c) where "the circumstances necessary to establish entitlement to the affirmative defense did not obtain at the time the answer was filed." Depositors Trust Co. v. Slobusky, 692 F.2d 205, 208 (1st Cir. 1982). The First Circuit has also hinted that another exception exists where the defendant asserts the defense without delay and plaintiff is not unfairly prejudiced. See Knapp Shoes, 15 F.3d at 1226; see also In re Cumberland Farms, Inc., 284 F.3d 216 (1st Cir. 2002). Generally, courts appear more willing to allow the interposition of an affirmative defense outside the pleadings where the delays are moderate and no prejudice is found. See Dauvignon, 322 F.3d at 16 (citing Lafreniere Park Found. v. Broussard, 221 F.3d 804, 808 (5th Cir. 2000) (allowing affirmative defense to be raised in summary judgment motion)).

Defendants' answer was filed on September 7, 2011. There, they raised several affirmative defenses but neglected to make mention of any statute-of-limitations defense. More than nine months later, defendants filed the present motion to dismiss alleging that plaintiff's claims were time barred.

**CIVIL. NO.** 11-1599 (JAG)                                                        6

Though defendants' behavior is certainly problematic, it does not constitute a waiver. Defendants' motion to dismiss put plaintiff on notice of their affirmative defense well in advance of trial. Furthermore, no prejudice obtained because plaintiff was able to fashion arguments in opposition to said motion.

Moving on to the merits, the Court sides with plaintiff that dismissal based on defendants' statute-of-limitations defense is premature. As both parties recognize, the presumption that promissory notes are mercantile in nature is just that –a presumption- and can be defeated by showing that the note is not mercantile in nature, or that the three-year term has been interrupted. Naturally, this requires a fact-intensive inquiry best left until after discovery has been completed. Accordingly, the Court denies defendants' motion to dismiss as premature.

That said, the Court has been exceedingly lenient with defendants. (See Docket Nos. 37, 27, 13). The Court will not allow defendants' legal foot-dragging to derail this case any longer. The Court hereby ORDERS defendants to cure their procedural blunder by filing an amended answer that contains the statute-of-limitations defense. Defendants are afforded one week from the date of entry of this order to do so. The Court will construe failure to amend as a knowing waiver of the defense. The Court also puts defendants on notice that further violations

**CIVIL. NO.** 11-1599 (JAG)                                                  7

of the Rules of Procedure or of this Court's orders shall result in severe monetary sanctions.

Diversity Jurisdiction

In their second motion to dismiss, defendants advance that complete diversity is lacking because plaintiff Citibank should be considered a citizen of Puerto Rico for diversity purposes. In support of their contention, defendants cite to 28 U.S.C. § 1348 and caselaw dating back to the 1950's for the proposition that "National Banks not chartered by any state are by statute to be deemed citizens of the state where they are located." See Docket No. 42; citing Walker v. Bank of America Nat. Trust & Savings, 268 F.2d 16 (1959)(overruling recognized by Benefit Recovery, Inc. v. Donelon, 521 F.3d 326, 329 n.3 (5th Cir. 2008)). This argument is frivolous.

Pursuant to § 1348, "[a]ll national banking associations shall, for the purposes of [the action presented here], be deemed citizens of the States in which they are respectively located." In 2006, the Supreme Court held that for the purposes of this statute, a national bank was "located" in the State designated in its articles of association as its main office. Wachovia Bank v. Schmidt, 546 U.S. 303, 318 (2006). As plaintiff correctly points out, the Supreme Court explicitly rejected the proposition that the citizenship of a national bank for

diversity purposes is located anywhere the bank has established branch operations. Id. at 305.

Here, plaintiff Citibank N.A. pled that it is a "national banking association with its designated main office in the State of New York." (Docket No. 1, ¶ 1). Therefore, for diversity purposes, Citibank N.A. is a citizen of New York. Since plaintiff is from New York and defendants are from Puerto Rico, complete diversity exists.

Given the Supreme Court's explicit and on-point ruling on this matter, and the fact that defendants' counsel cited outdated and overruled precedent in support of their motion, the Court finds that defendant's second motion to dismiss was legally baseless.

Fed. R. Civ. P. 11(b) provides that an attorney, by filing a pleading with the Court, certifies that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." The argument embedded in defendants' second motion to dismiss was, as described above, not warranted by existing law. Neither did the motion suggest an argument for modifying the Supreme Court's recent ruling.

**CIVIL. NO.** 11-1599 (JAG)                                            9

Pursuant to Fed. R. Civ. P. 11(c), should the Court find a Rule 11 violation, the Court may impose sanctions after giving "notice and a reasonable opportunity to respond. The Court may issue this order *sua sponte*. Fed. R. Civ. P. 11(c)(3). Accordingly, the Court gives defendants' counsel one week to state his reasons as to why sanctions should not issue for filing a patently frivolous motion to dismiss. Counsel shall file this as a separate motion on the same day the amended answer is due. Failure to file by the required deadline shall result in additional sanctions.

IT IS SO ORDERED.
In San Juan, Puerto Rico, this 9th day of July, 2012.

                                        <u>S/ Jay A. Garcia-Gregory</u>
                                          JAY A. GARCIA-GREGORY
                                       United States District Judge